# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LINDA FLOWERS,**

          **Plaintiff,**

v.                                           Case No: 6:24-cv-2082-JSS-DCI

**COLUMBIA DEBT RECOVERY, LLC,**

          **Defendant.**

___

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Motion for Leave to File and Receive Documents Electronically (Doc. 8)** |
| | **Plaintiff's Motion for Permission to File Electronically (Doc. 23)** |
| **FILED:** | December 13, 2024 and January 24, 2025 |

**THEREON** it is **ORDERED** that the motions are **GRANTED in part and DENIED in part**.

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a Complaint against Columbia Debt Recovery, LLC for violations of federal and state debt collection and credit reporting laws. Doc. 1. Plaintiff subsequently filed a motion seeking access to file and receive notifications electronically through CM/ECF. Doc. 8. On January 24, 2025, Plaintiff filed a second motion seeking the same relief—access to file and receive notifications electronically through CM/ECF. Doc. 23 (together with Doc. 8, the Motions). For the reasons provided below, the Motions are due to be granted in part and denied in part.

"Absent a Court order, a pro se litigant is not permitted to file documents in CM/ECF." United States District Court Middle District of Florida, *Administrative Procedures for Electronic Filing*, at B(4) (Apr. 1, 2024).[1]  "While an unrepresented individual may obtain the Court's permission to file his submissions electronically using the CM/ECF system . . . such authorization is typically denied unless the pro se party makes a showing of good cause or extenuating circumstances justifying such relief." *Hooker v. Wilkie*, 2020 WL 6947482, at *1 (M.D. Fla. June 4, 2020) (citations omitted). Thus far, Plaintiff has filed documents in an appropriate manner and has not demonstrated any burden associated with filing conventionally. Plaintiff has not shown good cause or extenuating circumstances that would result in the Court allowing access to filing via CM/ECF at this stage of the case.

The Court already permits pro se litigants to electronically file via a Web Portal. If a pro se litigant uses the Web Portal, they need not serve their filing via U.S. Mail, as the electronic filing will result in service via the Court's CM/ECF system. The Web Portal is available at: https://www.flmd.uscourts.gov/electronic-document-submission-web-portal.

That said, the Court in its discretion may grant a pro se party permission to receive electronic notifications. *Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, 2023 WL 4947933 (M.D. Fla. Aug. 3, 2023) (authorizing electronic notification of filings for a pro se litigant). Parties that receive notice of electronic filing receive "an email confirmation of the filing that is sent to each E-filer of record in the case." United States District Court Middle District of Florida, *Administrative Procedures for Electronic Filing*, at D(1) (Apr. 1, 2024). Further, "[a] document filed electronically can be viewed for the first time for free from the document link

---

[1] The Court's Administrative Procedures for Electronic Filing can be found on the Court's website, https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-administrative-procedures-for-electronic-filing-4-1-2024-update.pdf.

within the [notice]. The hyperlink expires after the earlier of two events: the first use or 15 days after the [notice] is emailed. An E-filer must access PACER to view a document after the hyperlink has expired." *Id.* at D(2). It is recommended that a party obtaining a document in this manner open the document and save it for future use, as the document may be accessed for free only during the first view. Thus, Plaintiff's request to receive email notification via CM/ECF is well-taken and will be granted.

To the extent Plaintiff seeks access to the electronically maintained docket system known as "PACER," "[a]ny member of the public can access electronic records of the federal courts by registering online with PACER[.]" *Rothschild v. Anywhere Advisors LLC*, 2024 WL 2749245, at *1 (M.D. Fla. May 29, 2024). The Court's Guide for Proceeding Without a Lawyer provides:

> If you have internet access, you may also register for PACER (Public Access to Court Electronic Records) and view and print the documents in a case. To register, go to the PACER registration page on the PACER website (www.pacer.gov) or call (800) 676-6856. Using PACER may cost $.10 a page for viewing or printing. PACER will give you details when you register. Problems with PACER should be addressed to PACER, not to the court.

United States District Court Middle District of Florida, *Guide for Proceeding Without a Lawyer*, p. 13 (Feb. 10, 2022) (available at https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-guide-for-proceeding-without-a-lawyer.pdf).

So, Plaintiff may receive notice via e-mail. And Plaintiff may file via the Web Portal. Thus, there is no need for Plaintiff, Defendants, or the Clerk to serve using United States Mail.

Based on the foregoing, it is **ORDERED** that:

1. The Motions (Docs. 8, 23) are **GRANTED in part** to the extent that Plaintiff seeks authorization to receive electronic notification of filing; and

2. **DENIED** without prejudice in all other respects; and

3. The Clerk is directed to add Plaintiff's email address, lindaflowers53@mail.com,[2] to CM/ECF in this matter.

**ORDERED** in Orlando, Florida on January 29, 2025.

Copies furnished to:
Counsel of Record
Unrepresented Parties

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff should verify that this is the correct email for service. If not, Plaintiff should file a notice containing the correct email.

- 4 -